# IN THE COURT OF APPEALS OF IOWA

No. 18-2084
Filed March 20, 2019

**IN THE INTEREST OF M.A.,**
**Minor Child,**

**D.A., Father,**
　　　Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

The father appeals the termination of his parental rights. **AFFIRMED.**

Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Sara Strain Linder of Bray & Klockau, Iowa City, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

The father appeals the termination of his parental rights to his child, M.A.[1] The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), and (h) (2018). The father argues he should have been given additional time to work toward reunification and termination of his rights is not in M.A.'s best interests.[2] We review termination-of-parental-rights (TPR) proceedings de novo. *P.L.*, 778 N.W.2d at 40.

M.A. was born in March 2015, and for the first several months of her life, she had ongoing contact with her father. Then, in November 2015, the father was charged with the first-degree murder of three members of M.A.'s family as well as the kidnapping of M.A.'s mother. He remained in jail in Alabama—where the alleged crimes took place—from the date of his arrest through the date of the termination trial in November 2018. The father did not have any contact with M.A. after his arrest, and he never requested contact with or information about M.A. from the Iowa Department of Human Services (DHS). At the time of the termination trial, neither the father's TPR attorney nor the social worker assigned to the family could say when the father's criminal trial would take place.

The father asks for an additional six months to work toward reunification with M.A. *See* Iowa Code § 232.104(2)(b) (allowing the juvenile court to delay permanency for six months if it finds "that the need for removal of the child from the child's home will no longer exist at the end" of the extension). We cannot say

---

[1] The mother's parental rights were also terminated. She does not appeal.
[2] The father does not challenge the statutory grounds, and he does not argue a permissive factor weighs against termination. *See* Iowa Code § 232.116(1), (3). Thus, we do not discuss these matters. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (declining to address a step not disputed by the parent).

the father will be able to begin caring for M.A. in a short time. Even if we assume the father will be acquitted of the serious charges he is facing, there is nothing in the record to indicate his trial will be completed within six months. Additionally, because the father and M.A. have not had contact in three years, some time would be needed to rebuild their relationship before the father could care for M.A. full time. And because of the father's lack of involvement with DHS, it is unclear what other services or skills he may need before he could safely parent a child.

The father maintains termination of his parental rights is not in M.A.'s best interests. *See* Iowa Code § 232.116(2). We disagree. The father and M.A. no longer share a bond; M.A. has not had any contact with the father since she was approximately eight months old. In contrast, according to the social worker's report to the court, the family members caring for M.A. "provide her with a stable, loving home with age appropriate expectations and consequences, as well as opportunities to grow." They are committed to caring for M.A. long-term and are taking the steps to adopt M.A. if the parental rights are terminated. *See id.* § 232.116(2)(b).

Because an extension of time is not warranted and termination of the father's parental rights is in M.A.'s best interests, we affirm.

**AFFIRMED.**